UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT PIZZIMENTI,                          Case No. 25-11506

                          Plaintiff,        Judith E. Levy
v.                                          United States District Judge

DETROIT, CITY OF, *et al.*,                 Curtis Ivy, Jr.
                                            United States Magistrate Judge
                          Defendants.

_____/

**ORDER DENYING PLAINTIFF'S MOTION FOR RECUSAL AND
<u>DISQUALIFICATION (ECF No. 20)</u>**

Pending before the Court is Plaintiff Robert Pizzimenti's *Motion to Recuse*

*District Judge Judith E. Levy and Magistrate Judge Curtis Ivy, Jr., and to*

*Disqualify Taxpayer-Funded Defense for Defendants Conrad Mallet, Jr. and*

*Tamara York-Cook* (ECF No. 20).  For the following reasons, Plaintiff's motion to

recuse the undersigned and to disqualify counsel is **DENIED**.  The undersigned

will address Plaintiff's motion to recuse Judge Levy in a separate report and

recommendation.  Accordingly, where recusal is the issue, this Order will focus on

Plaintiff's accusations regarding the undersigned.

## I.      BACKGROUND

On May 21, 2025, Plaintiff sued the City of Detroit, Conrad Mallet Jr.,

Tamara York Cook, Kelly Larson, and John Does 1–50 for alleged violations of

the U.S. Constitution as well as federal and state law. (ECF No. 1). On September 11, 2025, Plaintiff filed the instant motion seeking the recusal of the undersigned and the Honorable Judge Judith E. Levy as well as the disqualification of Defendant Mallet and Cook's taxpayer-funded counsel. (ECF No. 20).

Plaintiff believes that Defendant Mallet, a municipal official, is the superior of the undersigned, a United States Magistrate Judge. (*Id.* at PageID.158, 159–60). To that end, he asserts that the undersigned cannot act impartially as a neutral arbiter thereby tainting the proceedings if recusal is not ordered. (*Id.*). Plaintiff also takes issue with decisions the undersigned rendered in a separate action. (*Id.* at PageID.163). Thus, Plaintiff moves for an order recusing the undersigned and Judge Levy pursuant to 28 U.S.C. §§ 144, 455. (*Id.* at PageID.156).

Apart from his motions to recuse, Plaintiff also seeks an order disqualifying Defendant Mallet and Cook's counsel. (*Id.* at PageID.166). Mallet is Corporation Counsel for the city of Detroit, and Cook is the Supervising Assistant Corporation Counsel. (ECF No. 1, PageID.4 ¶¶ 15–16). Plaintiff reasons that Mallet and Cook are liable for unlawful conduct that occurred outside the scope of their respective offices. (ECF No. 20, PageID.166). Based on Michigan state law and general principles of absolute prosecutorial immunity, Plaintiff believes that Mallet and Cook do not qualify for taxpayer-funded counsel as a result of their allegedly unlawful conduct. (*Id.*). Plaintiff also asserts that Mallet and Cook's use of

taxpayer-funded counsel amounts to its own violation of federal law.  (*Id.* at PageID.167).

In support of his motions, Plaintiff also filed an *Affidavit of Bias and Prejudice under 28 U.S.C. § 144* (ECF No. 22).  Reverend Heidi Grossman-Lepp, an expert witness Plaintiff intends to use and a plaintiff in her own case based on similar allegations (*Lepp v. Mallet*, Case No. 25-10214)), also filed a sworn declaration in support of Plaintiff's motion.  (ECF No. 21).  Each of these filings largely repeat the factual bases for Plaintiff's motions.

Finally, Plaintiff moved for post-judgment relief under Federal Rule of Civil Procedure 60(b), arguing that the "extraordinary circumstances" set forth in his motions "justify[ ] relief from any prior order tainted by bias."  (ECF No. 20, PageID.167).

## II.   ANALYSIS

### A.   Motion to Recuse Pursuant to 28 U.S.C. §§ 144, 455

"Motions to recuse 'are to be decided in the first instance by the judicial officer sought to be disqualified'" *Cardello-Smith v. Combs*, Case No. 24-CV-12647, 2025 WL 1951722, at *3 (E.D. Mich. June 30, 2025) (referring to motions to recuse under §§ 144, 455); *see also Honorable Ord. of Kentucky Colonels, Inc. v. Kentucky Colonels Int'l*, No. 3:20-CV-132-RGJ, 2025 WL 1117428, at *2 (W.D. Ky. Apr. 15, 2025) ("Although § 144 on its face appears to require automatic

disqualification once a motion and affidavit are filed, it is proper for the challenged judge to rule on the motion for recusal to determine whether it is legally sufficient."). It is for this reason the undersigned resolves Plaintiff's motion to recuse the undersigned in this Order and addresses the motion to recuse Judge Levy in a report and recommendation.

Under 28 U.S.C. § 144, a party may "seek recusal of a judge due to a personal bias or prejudice by filing an affidavit and certificate of good faith." *Melchor v. United States*, No. 16-1160, 2016 WL 9447162, at *2 (6th Cir. Sept. 23, 2016). An affidavit filed under § 144 must "allege facts which a reasonable person would believe would indicate a judge has a personal bias against the moving party." *Gen. Aviation, Inc. v. Cessna Aircraft Co.*, 915 F.2d 1038, 1043 (6th Cir. 1990).

The other statute  Plaintiff relies, 28 U.S.C. § 455(a), provides that "[a]ny justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." This provision requires a judge to sua sponte recuse himself or herself if the judge knows of facts that would undermine the appearance of impartiality. *Weatherspoon v. Thibault*, No. 2:14-CV-108, 2017 WL 1487685, at *1 (W.D. Mich. Apr. 26, 2017) (citing *Youn v. Track, Inc.*, 324 F.3d 409, 422–23 (6th Cir. 2003) and *Liteky v. United States*, 510 U.S. 540, 547–48 (1994)). Rather than a

4

subjective determination of bias, the statute "imposes an objective standard: a judge must disqualify himself where a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *Burley v. Gagacki*, 834 F.3d 606, 616 (6th Cir. 2016) (citing *United States v. Adams*, 722 F.3d 788, 837 (6th Cir. 2013) (internal quotations omitted)).

Bias must ordinarily be predicated on "a personal bias as distinguished from a judicial one, arising out of the judge's background and association and not from the judge's view of the law." *Id.*  As the Supreme Court observed in *Liteky*, "rulings alone almost never constitute a valid basis for a bias or partiality motion." 510 U.S. at 544 (citing *United States v. Grinnell Corp.*, 384 U.S. 563, 583 (1966)). For a judge's rulings to provide grounds for recusal, they must demonstrate bias so pervasive that they display a favorable or unfavorable predisposition arising from "facts adduced or the events occurring at trial," which is so extreme that it appears to render the judge unable to make a fair determination.  *Id.*

To begin, no matter which statute Plaintiff relies on, his motion for the undersigned's recusal suffers from a major flaw.  United States Magistrate Judges are appointed by the United States District Court Judges of the Judicial District for which they serve.  28 U.S.C. § 631(a).  They do not work for a municipality or state.  So contrary to Plaintiff's assertion, the undersigned is not one of Defendant

5

Mallet's subordinates.  Accordingly, there is no basis for Plaintiff's skepticism of the undersigned's impartiality.

Plaintiff's recusal motion is also substantively deficient because he relies on disagreements with legal conclusions rendered in judicial rulings.  He takes issue with the decisions of the undersigned in another case involving Defendant Mallet in which the undersigned recommended that the Court rule in Mallet's favor.  But as mentioned, a judge's "rulings alone almost never constitute a valid basis for a bias or partiality motion."  *Liteky*, 510 U.S. at 544.  And Plaintiff has not shown that the undersigned's decisions elsewhere reflect a pervasive bias so extreme as to preclude a fair judgment.  Rather, Plaintiff's motion only takes issue with past decisions because they could be unfavorable to him if applied to Plaintiff's case. This is not a sufficient basis for recusal under either statute.  *See Scott v. Metro. Health Corp.*, 234 F. App'x 341, 359 (6th Cir. 2007) ("Bias cannot be inferred from a mere pattern of rulings by a judicial officer, but requires evidence that the officer has it 'in' for the party for reasons unrelated to the officer's views of the law, erroneous as that view might be.") (citation modified); *United States v. Sammons*, 918 F.2d 592, 599 (6th Cir. 1990) ("[T]he requisite showing of prejudice may not be made . . . by pointing to 'erroneous and atypical judicial rulings.'"); *Woodruff v. Tomlin*, 593 F.2d 33, 44 (6th Cir. 1979) (observing that recusal under § 455(a) "cannot be based on decisions or rulings of a Judge").

Accordingly, Plaintiff's recusal motion is denied.

**B.      Motion for Disqualification**

Though Plaintiff filed his motion after Defendants filed their motion to dismiss, "'[a] district court must rule on a motion for disqualification of counsel prior to ruling on a dispositive motion because the success of a disqualification motion has the potential to change the proceedings entirely.'" *Enjaian v. Univ. of Michigan*, No. 13-13907, 2014 WL 3662709, at *2 (E.D. Mich. July 23, 2014) (quoting *Bowers v. Ophthalmology Grp.*, 733 F.3d 647, 654 (6th Cir. 2013)).

The starting point for Plaintiff's motion for disqualification of Mallet and Cook's counsel is Mich. Comp. Laws § 691.1408(1).  (ECF No. 20, PageID.166). This statute states that a governmental agency "may pay for, engage, or furnish the services of an attorney to advise" an officer, employee, or volunteer that is named as the defendant in a civil action for injuries to persons or property caused by the negligence of that individual "while in the course of employment with or acting on behalf of the governmental agency and while acting within the scope of his or her authority . . . ." Mich. Comp. Laws § 691.1408(1).  This provision also grants the governmental agency discretion to "pay for, engage, or furnish the services of an attorney . . . to appear for and represent the officer, employee, or volunteer in the action." *Id.*

From there, Plaintiff argues that Mallet and Cook are liable for defamation, retaliation, and religious suppression—or in Plaintiff's words, "acts outside their official scope." (ECF No. 20, PageID.166). In essence, Plaintiff says that Mallet and Cook do not qualify for government agency-funded counsel because they did not act within the scope of their authority.

In support of this position, Plaintiff cites *Buckley v. Fitzsimmons*, 509 U.S. 259 (1993). (*Id.*). In *Buckley*, the Court, in pertinent part, assessed whether a prosecutor was entitled to absolute prosecutorial immunity for making false statements during a press conference. 509 U.S. at 261. Consistent with its jurisprudence in this area, the Court concluded that there was not a common-law immunity for a prosecutor's out-of-court statement to the press. *Id.* at 277. Unlike the "absolute immunity from defamatory liability for statements made during the course of judicial proceedings and relevant to them" that prosecutors are entitled to, "most statements made out of court received only good-faith immunity." *Id.*; *see also Burns v. Reed*, 500 U.S. 478, 489–90, 501 (1991). Applying the functional approach to absolute prosecutorial immunity, the Court also concluded that the prosecutor did not act "in his role as advocate for the State" when he made his statements to the press. *Id.* at 278 (citation modified); *see also Burns*, 500 U.S. at 491 (quoting *Imbler v. Pachtman*, 424 U.S. 409, 431, n.33 (1976)). Though the Court recognized that "[s]tatements to the press may be an integral part of a

8

prosecutor's job, . . . , and they may serve a vital public function," it held that "[t]he conduct of a press conference does not involve the initiation of a prosecution, the presentation of the state's case in court, or actions preparatory for these functions." *Buckley*, 509 U.S. at 278.

Plaintiff did not expressly connect the dots between his citations to § 691.1408(1) and *Buckley*. That said, there are two conceivable arguments. First, because a prosecutor's out-of-court defamatory statements made during a press conference are not entitled to absolute prosecutorial immunity, Plaintiff reasons that Mallet's and Cook's own defamatory statements fall outside the scope of the their authority thereby precluding government agency-funded counsel under § 691.1408(1).[1]  But this does not account for Plaintiff's references to retaliation, religious suppression, or a purported civil violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO").  Accordingly, the undersigned understands Plaintiff's second argument to be that Mallet's and Cook's allegedly unlawful conduct precludes them from receiving government agency-funded counsel.  Neither position is persuasive.

---

[1] The Court notes that Plaintiff's Complaint does not identify any allegedly defamatory statements that are attributed to Defendant Cook.  The one statement Plaintiff took issue with in his Complaint is the statement which Mallet gave to the Detroit Metro Times. (ECF No. 1, PageID.5, ¶ 24).  Even so, the Court will take Plaintiff's arguments as presented in this motion.

9

Plaintiff's first argument fails because he conflates immunity to liability with one's ability to receive government agency-funded counsel under Michigan state law.  Simply because purportedly defamatory statements would not be entitled to absolute prosecutorial immunity does not mean that Mallet and Cook cannot receive government agency-funded counsel.  The issue of absolute immunity depends on the existence of a historical common-law analogue, an approach which requires the Court to look at whether the prosecutor acted "in his role as advocate for the State." *Buckley*, 509 U.S. at 277–78 (citations omitted). Plaintiff has not shown that § 691.1408(1) relies on the same type of inquiry. Moreover, the *Buckley* Court expressly noted that "[s]tatements to the press may be an integral part of a prosecutor's job." *Id.* at 278.  So while defamatory statements made out-of-court during a press conference are not entitled to absolute prosecutorial immunity, such statements to the press may still fall within the duties of the prosecutor.  And to that end, Plaintiff has cited no authority in support of this theory of disqualification.

Plaintiff's second argument also fails because it would essentially render the statute a nullity.  If an official was alleged to have broken the law and could not receive government-funded counsel based on the allegations alone, there would be no reason for § 691.1408(1) to exist in the first place.  "It is 'a cardinal principle of statutory construction' that a 'statute ought, upon the whole, to be so construed

that, if it can be prevented, no clause, sentence, or word shall be superfluous, void, or insignificant.'"  *TRW Inc. v. Andrews*, 534 U.S. 19, 31 (2001) (quoting *Duncan v. Walker*, 533 U.S. 167, 174 (2001)).  Plaintiff's reading of § 691.1408(1) would essentially render it dead letter and, for that reason, must be rejected.  And just like with his first argument, he cited no authority in support of this position regarding disqualification.

Plaintiff's motion for disqualification is therefore denied.

### C.      Motion for Post-Judgment Relief

Since no judgment has been issued in this case, there is no reason for the Court to grant the post-judgment relief Plaintiff seeks.  Thus, Plaintiff's Rule 60(b) motion is **DENIED**.

### III.   CONCLUSION

For the above-stated reasons, Plaintiff's *Motion to Recuse District Judge Judith E. Levy and Magistrate Judge Curtis Ivy, Jr., and to Disqualify Taxpayer-Funded Defense for Defendants Conrad Mallet, Jr. and Tamara York-Cook* is **DENIED** with respect to Plaintiff's motion to recuse the undersigned, motion to disqualify counsel, and motion for post-judgment relief.

**IT IS SO ORDERED**.

The parties here may object to and seek review of this Order, but are required to file any objections within 14 days of service as provided for in Federal

11

Rule of Civil Procedure 72(a) and Local Rule 72.1(d).  A party may not assign as error any defect in this Order to which timely objection was not made.  Fed. R. Civ. P. 72(a).  Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection.  When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in effect unless it is stayed by the magistrate judge or a district judge.  E.D. Mich. Local Rule 72.2.

Date: February 17, 2026                    s/Curtis Ivy, Jr.
                                           Curtis Ivy, Jr.
                                           United States Magistrate Judge

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on the February 17, 2026, by electronic means and/or ordinary mail.

<u>s/Sara Krause</u>
Case Manager
(810) 341-7850

13