# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

Robert Pizzimenti,

                             Plaintiff,        Case No. 25-11506

v.                                      Judith E. Levy
                                         United States District Judge

City of Detroit, *et al.*,

                                        Mag. Judge Curtis Ivy, Jr.
                        Defendants.

_____/

## ORDER ADOPTING THE REPORTS AND RECOMMENDATIONS [27, 28] AND OVERRULING OBJECTIONS TO THE ORDER DENYING PLAINTIFF'S MOTION FOR RECUSAL AND DISQUALIFICATION [26]

Before the Court is Magistrate Judge Curtis Ivy, Jr.'s Reports and Recommendations ("R&Rs") recommending the Court grant Defendants City of Detroit, Conrad Mallet, Jr., Tamara York Cook, and Kelly Larson's motion to dismiss and dismiss the remaining John Doe defendants (ECF No. 28), and deny Plaintiff's motion to recuse the undersigned. (ECF No. 27.) Judge Ivy also issued an order denying Plaintiff's motion to recuse Judge Ivy and to disqualify Defendants' counsel. (ECF No. 26.)

Plaintiff Robert Pizzimenti filed objections to Judge Ivy's R&Rs and the order. (ECF No. 29.) Defendants filed a response to Plaintiff's objection (ECF No. 30.)

For the reasons set forth below, the reports and recommendations (ECF Nos. 27, 28) are adopted, Plaintiff's objections (ECF No. 29) are overruled, and the case is dismissed.

## I.   Background

The factual and procedural backgrounds set forth in the R&Rs are fully adopted as though set forth in this Opinion and Order. (*See* ECF No. 27, PageID.202–204; ECF No. 28, PageID.212–215.)

## II.   Plaintiff's objections to the R&R and order regarding Plaintiff's motion to recuse (ECF Nos. 26, 27)

On September 11, 2025, Plaintiff filed a "motion to recuse District Judge Judith E. Levy and Magistrate Judge Curtis Ivy, Jr., and to disqualify taxpayer-funded defense for Defendants Conrad Mallett, Jr. and Tamara York-Cook." (ECF No. 20.) Judge Ivy issued an order regarding the motion to recuse Judge Ivy and to "disqualify" Defendants Mallett and Cook's counsel (ECF No. 26), and an R&R regarding the motion to recuse the undersigned. (ECF No. 27.)

2

### A. R&R recommending that Plaintiff's motion to recuse the undersigned be denied (ECF No. 27)

Judge Ivy recommends in an R&R that Plaintiff's motion to recuse the undersigned be denied. (ECF No. 27.) The parties were required to file specific written objections to that order, if any, within 14 days of service. Fed. R. Civ. P. 72(b)(2); E.D. Mich. L.R. 72.1(d).

No objections were filed as to this R&R.[1] The Court has nevertheless carefully reviewed the R&R and concurs in the reasoning and result. The R&R recommending that Plaintiff's motion to recuse the undersigned is adopted and Plaintiff's motion to recuse the undersigned is denied.

### B. Order denying Plaintiff's motion to recuse Judge Ivy and to disqualify counsel (ECF No. 26)

Judge Ivy issued an order (ECF No. 26) denying Plaintiff's motion (ECF No. 20) to recuse himself and to disqualify Defendants Mallett and Cook's counsel. Plaintiff filed one objection to Judge Ivy's order that addresses the order denying Plaintiff's motion to disqualify Mallett and Cook's counsel. (ECF No. 29, PageID.256–257.)

---

[1] Plaintiff's objections (ECF No. 29) do not address this R&R.

3

### i.    Legal Standard

Federal Rule of Civil Procedure 72(a) provides that, for non-dispositive pretrial matters where a magistrate judge issues a written order:

> [a] party may serve and file objections to the order within 14 days after being served with a copy. A party may not assign as error a defect in the order not timely objected to. The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.

Fed. R. Civ. P. 72(a). The Eastern District of Michigan Local Rules state that objections under Rule 72 "must: (A) specify the part of the order . . . to which a person objects; and (B) state the basis for the objections." E.D. Mich. LR 72(d).

### ii.    Analysis

Plaintiff's objection is overruled because he has not demonstrated that Judge Ivy's order "is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a).

Plaintiff moved to disqualify Mallett and Cook's counsel, who are attorneys from the City of Detroit Law Department. (ECF No. 20, PageID.166–167.) Plaintiff believes that Mallett and Cook are not

4

eligible for government agency-funded counsel under Mich. Comp. Laws § 691.1408(1) because Mallett and Cook are being sued for "acts outside their official scope." (*Id.*)

Judge Ivy denied this motion on the basis that Plaintiff did not provide sufficient legal basis for disqualification, because Plaintiff "conflates immunity to liability with one's ability to receive government agency-funded counsel under Michigan state law." (ECF No. 26, PageID.198.) While it is true that a prosecutor may not have absolute prosecutorial immunity for certain acts, such as statements at a press conference, "Plaintiff has not shown that § 691.1408(1) relies on the same type of inquiry" as prosecutorial immunity. (*Id.*) Additionally, Judge Ivy reasoned that, "[i]f an official was alleged to have broken the law and could not receive government-funded counsel based on the allegations alone, there would be no reason for § 691.1408(1) to exist in the first place." (*Id.*)

Plaintiff's objection to this order asserts that Judge Ivy's order was incorrect because "[s]cope-of-authority determinations are fact-dependent" and, as such, the order resolved Mallett and Cook's scope of authority issues "prematurely." (ECF No. 29, PageID.257.)

5

This objection is insufficient. First, Plaintiff provides no legal support for this objection, such as that a "scope-of-authority" determination under § 691.1408(1) requires "factual development." (ECF No. 29, PageID.257.)

Second, the Court supplements Judge Ivy's reasoning and holds that Plaintiff does not sufficiently demonstrate the Court's authority to disqualify Mallett and Cook's counsel under Mich. Comp. Laws § 691.1408.

The Court's authority to disqualify counsel is not unlimited. Generally, federal courts may only disqualify counsel on the basis of a conflict of interest or unethical behavior by counsel. *See Wellman v. Supreme Ct. of Ohio*, No. 18-3260, 2018 WL 9651499, at *1 (6th Cir. Nov. 13, 2018) ("A court should only disqualify an attorney 'when there is a reasonable possibility that some specifically identifiable impropriety' [by the attorney] actually occurred."). Plaintiff does not claim that Defendants' counsel—Patrick M. Cunningham—has done anything unethical. Though Plaintiff suggests that Defendants' counsel should not represent Mallett because "Mallett exercises direct or indirect oversight over the legal defense strategies of city employees

6

and official including those now representing him and . . . Tamara York-Cook" (ECF No. 20, PageID.159), Plaintiff does not explain why this warrants Defendants' counsel's disqualification from the case. Clients may oversee the legal strategy of their counsel.

Plaintiff also argues that the Court should disqualify Mallett and Cook's counsel on the basis that Mallett and Cook's alleged actions are not within the scope of activities in which Mich. Comp. Laws § 691.1408(1) permits indemnification or payment of legal expenses. But Plaintiff does not explain how § 691.1408(1) gives the Court power to disqualify counsel. The Court is unable to find a case in which a court—state or federal—disqualified counsel on the basis that the government litigant was not entitled to government agency-paid counsel under § 691.1408(1). *See Davis v. Bd. of State Canvassers*, No. 363828, 2023 WL 6938089, at *8 (Mich. Ct. App. Oct. 19, 2023) ("Plaintiff identifies no authority establishing that he can enforce an alleged violation of MCL 691.1408, nor does he explain how any such alleged illegality affects his own rights or conduct." (internal citations omitted)).

In fact, federal courts regularly hold that absent circumstances involving professional misconduct, they do not have the power to

disqualify state or local attorneys from representing government employees. *See Rouse v. Caruso*, No. 06-CV-10961-DT, 2007 WL 209919, at \*1 (E.D. Mich. Jan. 24, 2007) (holding that litigant did not have standing to challenge attorney general's representation of government defendant); *Hall v. Chambers-Smith*, No. 2:21-CV-1135, 2022 WL 4298205, at \*2 (S.D. Ohio Sept. 19, 2022); *Wellman v. Supreme Ct. of Ohio*, No. 2:17-CV-391, 2018 WL 1315016, at \*2 (S.D. Ohio Mar. 14, 2018); *see also O'Connor v. Jones*, 946 F.2d 1395, 1399 & n.4 (8th Cir. 1991) (stating that it has "serious doubts" that district courts have the authority to disqualify counsel for "reasons unrelated to professional conduct"); *King v. Gowdy*, No. 02-CV-75136-DT, 2003 WL 27387837, at \*4 (E.D. Mich. Aug. 7, 2003).

As such, Plaintiff has not demonstrated that Judge Ivy's order "is clearly erroneous or is contrary to law," Fed. R. Civ. P. 72(a), and his objection is overruled.

### III. Plaintiff's objections to the R&R recommending that the Court grant Defendants' motion to dismiss (ECF No. 28)

Plaintiff also objects to the R&R's recommendation that the Court grant Defendants' motion to dismiss.

8

### A. Legal Standard

A party may object to a magistrate judge's report and recommendation on dispositive motions, and a district judge must resolve proper objections under a de novo standard of review. 28 U.S.C. § 636(b)(1)(B)–(C); Fed. R. Civ. P. 72(b)(1)–(3). "For an objection to be proper, Eastern District of Michigan Local Rule 72.1(d)(1) requires parties to 'specify the part of the order, proposed findings, recommendations, or report to which [the party] objects' and to 'state the basis for the objection.'" *Pearce v. Chrysler Group LLC Pension Plan*, 893 F.3d 339, 346 (6th Cir. 2018). Objections that restate arguments already presented to the magistrate judge are improper, *Coleman-Bey v. Bouchard*, 287 F. App'x 420, 422 (6th Cir. 2008) (citing *Brumley v. Wingard*, 269 F.3d 629, 647 (6th Cir. 2001)), as are those that are vague and dispute the general correctness of the report and recommendation. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995).

Moreover, objections must be clear so that the district court can "discern those issues that are dispositive and contentious." *Id.* (citing *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)); *see also Thomas v. Arn*, 474 U.S. 140, 147 (1985) (explaining

9

that objections must go to "factual and legal" issues "at the heart of the parties' dispute"). In sum, the objections must be clear and specific enough to permit the Court to squarely address them on the merits. *See Pearce*, 893 F.3d at 346.

Because Plaintiff is self-represented, the Court will construe his objections liberally. *See Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999) ("Pro se plaintiffs enjoy the benefit of a liberal construction of their pleadings and filings.").

### B. Objection 1

Plaintiff objects to the R&R's recommendation that, "to the extent [ ] Plaintiff intended to raise a [First Amendment] Free Exercise Claim, it should be dismissed." (ECF No. 28, PageID.238.)

As an initial matter, Plaintiff's Free Exercise claim must be dismissed because this claim is not clearly in his complaint. As stated by the R&R, Plaintiff requested declaratory relief for a violation of the First Amendment, but "Plaintiff did not . . . include express causes of action for violations" of the First Amendment. (*Id.* at PageID.235.) Though a First Amendment Free Exercise claim is "implie[d]," (*id.* at

10

PageID.236), it is never explicitly set forth in the complaint. (*See* ECF No. 1.)

Federal Rule of Civil Procedure 8(a) requires that a complaint provide "a short and plain statement of the claim showing that the pleader is entitled to relief" as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2)–(3). Rule 8 is intended to give a defendant "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 570 (2007) (quotation omitted). Although a *pro se* plaintiff's complaint should be construed liberally, the Court is not authorized "to manufacture allegations that Plaintiff has not made or to speculate about legal theories [he] has not articulated." *Short v. Williams*, No. 25-13692, 2026 WL 74226, at *2–3 (E.D. Mich. Jan. 9, 2026).

Plaintiff's Free Exercise claim is not sufficiently set forth in the complaint. Plaintiff states at various points that his First Amendment rights have been violated, but does not list the First Amendment under his causes of action and fails to articulate the nature of his First Amendment claim and what facts alleged in the complaint support that First Amendment claim. Without establishing connections between his

11

allegations and his claim, Plaintiff's complaint does not adequately place Defendants on notice of a First Amendment claim. In fact, the words "Free Exercise" do not appear in the complaint. As such, Plaintiff's argument regarding dismissal of his Free Exercise claim fails because, to the extent he intended to bring a Free Exercise claim, it falls below the minimum pleading standards.

Plaintiff argues that the R&R erred with regard to his Free Exercise claim because it "analyzes the challenged enforcement as neutral zoning enforcement" and that, in doing so, the R&R failed to "accept the Complaint's allegations as true." (ECF No. 29, PageID.253.) Plaintiff then lists allegations in the complaint that he believes support his argument that the City's actions were selective and demonstrated particular hostility towards his church. (*Id.* at PageID.253–254.)

Even assuming that Plaintiff's claims were adequately pleaded for the purpose of notice, Plaintiff's objection does not address the heart of the R&R's reasoning. The R&R determined that Plaintiff's Free Exercise claim was insufficient because Plaintiff does not clearly identify a specific law or policy issued by the City of Detroit that allegedly burdens his religious exercise. (ECF No. 28, PageID.237–238

12

("But, again, Plaintiff has not identified the specific zoning ordinance at issue. Nor has Plaintiff alleged that the ordinance at issue—or other specific unnamed laws that may be the root of Plaintiff's Complaint—is not neutral or generally applicable.").) Without identifying a specific law or policy, Plaintiff's Free Exercise claim fails. *See, e.g., Clark v. Stone*, 998 F.3d 287, 305 (6th Cir. 2021).

Plaintiff's objection does not remedy these pleading failures. Plaintiff's first objection is overruled.

### C. Objection 2

In Plaintiff's second objection, Plaintiff appears to argue that he also pleaded a First Amendment retaliation claim and that the R&R failed to address it. (ECF No. 29, PageID.254.)

Plaintiff is correct that the R&R did not address a First Amendment retaliation claim. This is, however, because there is little to no indication in the complaint that Plaintiff brings such a claim. Like Plaintiff's First Amendment Free Exercise claim, Plaintiff's First Amendment retaliation claim is not sufficiently pled.

Again, without establishing any connections between facts and this claim, Plaintiff's complaint does not adequately place Defendants—

or the Court—on notice of a First Amendment retaliation claim. The words "retaliation" or "retaliatory" only appear twice in the complaint and do not indicate an intention to bring a First Amendment retaliation claim.[2]

Plaintiff's second objection is overruled.

### D. Objection 3

Plaintiff's third objection argues that the R&R contained an "erroneous standing analysis and improper reliance on LLC ownership." (ECF No. 29, PageID.254–255.) He states,

> The R&R concludes Plaintiff lacks standing because property ownership rests with an LLC. Free Exercise claims do not require fee ownership. Personal burden on religious exercise is sufficient. The complaint alleges:
>
> 1. Plaintiff is the managing member,

---

[2] First, Plaintiff states that he sues Defendant Mallett "individually and officially for defamatory statements and orchestrating retaliation." (ECF No. 1, PageID.4.) Second, Plaintiff alleges in the section titled "Count XVII: Excessive Fines Clause Violation, "which the R&R interpreted as an Eighth Amendment claim, that "[t]he fines, imposed without evidence of public harm, were retaliatory, as seen in *Opulent Life Church*, 697 F.3d at 290 . . . ." (*Id.* at PageID.9–10.) Neither clearly demonstrates intent to bring a First Amendment retaliation claim.

Additionally, Plaintiff's reference to *Opulent Life Church v. City of Holly Springs*, 697 F.3d 279, 290 (5th Cir. 2012), related to his Eighth Amendment claim is perplexing and may be a factitious citation generated by artificial intelligence. *Opulent Life Church* does not involve fines, nor Eighth Amendment or retaliation claims.

2. Plaintiff personally signed the consent agreement,

3. Plaintiff personally was targeted,

4. Plaintiff personally suffered reputational and religious injury.

Additionally, associational and representative standing principles permit an organizational representative to assert claims where injury is personal and direct. At minimum, if clarification was needed, leave to amend should have been granted rather than dismissal.

(*Id.*)

This objection is not sufficient because it is not clear and specific enough to permit the Court to squarely address it on the merits. *Pearce*, 893 F.3d at 346. The R&R does not undertake a standing analysis and, in fact, never mentions standing. Additionally, this objection mentions Plaintiff's Free Exercise claim, but the R&R's Free Exercise analysis does not discuss Plaintiff's alleged property ownership or Plaintiff's associational or representative standing. (ECF No. 28, PageID.237–238.)

Defendants suggest that this objection pertains to the R&R's Religious Land Use and Institutionalized Persons Act ("RLUIPA") analysis (ECF No. 30, PageID.266), which discusses Plaintiff's property interest in the church. (*See* ECF No. 28, PageID.225.) But Plaintiff does

15

not explain why the R&R's reasoning was wrong. "A plaintiff under RLUIPA fails to state a claim when he does not have a legally recognized property interest in the property at issue." *Gerber v. Herskovitz*, 14 F.4th 500, 510 (6th Cir. 2021); *see also Omar Islamic Ctr. Inc. v. City of Meriden*, 633 F. Supp. 3d 600, 619 (D. Conn. 2022) ("Thus, in order for Plaintiff to prevail on its RLUIPA claim, it must show that it has an 'ownership, leasehold, easement, servitude, or other property interest' or an 'option to acquire such an interest' in the Property at issue in this case.").

Here, the R&R determined that Plaintiff does not have a property interest in the church because the pleadings reflect that an LLC, Psychedelic Healing Shack LLC, is the owner of the church. (ECF No. 28, PageID.226–227.) Although Plaintiff is a member of the LLC, under Michigan law, "a member of an LLC has no interest in specific limited liability company property." (*Id.* (quoting Mich. Comp. Laws § 450.4504(2) (cleaned up).)

Plaintiff's objection does not sufficiently address the R&R's analysis. Plaintiff argues that he is the managing member of the LLC

(ECF No. 29, PageID.255), but the R&R found that membership in an LLC is not sufficient to have a property interest.

Plaintiff's third objection is overruled.

### E. Objection 4

Plaintiff objects to the dismissal of his *Monell* claims; he argues that his *Monell* claims should survive if there are any constitutional claims that also survive. (ECF No. 29, PageID.255.)

Plaintiff's constitutional claims are dismissed. Therefore, Plaintiff's *Monell* claims also are dismissed and Plaintiff's objection is overruled.

### F. Objection 5

Plaintiff argues that the R&R erred because it failed to recommend that Plaintiff should be granted leave to amend the complaint. (ECF No. 29, PageID.256.) Plaintiff claims that "dismissal without leave to amend conflicts with Sixth Circuit precedent favoring amendment." (*Id.*)

Plaintiff had prior opportunities to amend the complaint. Per Federal Rule of Civil Procedure 15(a), Plaintiff could have amended the complaint as a matter of course within 21 days of serving the complaint

17

or of Defendant's motion to dismiss. Additionally, Plaintiff could have filed a motion for leave to amend the complaint, or sought Defendants' written consent to amend the complaint. Fed. R. Civ. P. 15(a)(2). Plaintiff has not taken any of these actions.

Plaintiff's response to Defendants' motion to dismiss requests that the Court grant leave to amend the complaint "should the Court find any portion of the pleading deficient." (ECF No. 19, PageID.145.) A request for leave to file an amended complaint in a response to a motion to dismiss is not sufficient. The Sixth Circuit has "consistently affirmed a district court's denial of such a request [to grant leave to amend the complaint] in similar situations." *Robbins v. New Cingular Wireless PCS, LLC*, 854 F.3d 315, 322 (6th Cir. 2017) (collecting cases).

As such, the R&R's failure to grant leave to amend the complaint was not an error. Plaintiff's objection is overruled.

### G. Factitious Citations

Finally, the Court addresses an issue raised in the R&R: Plaintiff's factitious citations.

According to the R&R, a number of citations in Plaintiff's response brief do not exist. (*See* ECF No. 28, PageID.224, 240 n.6.) The Court has

18

carefully reviewed the R&R and Plaintiff's response brief and agrees that Plaintiff's response brief contains factitious citations.

Plaintiff cites "*Williams v. City of Cleveland*, No. 1:18-CV-2911, 2019 WL 5485190 (N.D. Ohio Oct. 25, 2019)," and quotes the "opinion" as stating, "Although RFRA is phrased in terms of federal actors, municipal entities may be liable when acting in a manner that implicates federally protected rights under § 1983." (ECF No. 19, PageID.135 n.6.) The citation, 2019 WL 5485190, does not refer to any case in Westlaw's database. There is a case in the United States District Court for the District of Ohio with the case number 1:18-CV-2911, but that case, *Davis v. Eppinger*, No. 1:18 CV 2911, 2019 WL 626426 (N.D. Ohio Feb. 14, 2019), concerns a habeas petition with no relation to this case's subject matter. (*See* ECF No. 28, PageID.224 (R&R stating the same).)

Additionally, Plaintiff "quotes" *Jensen v. Utah Cnty*., Case No. 2:24-cv-00887-JNP-CMR, 2025 WL 2208257 (D. Utah Aug. 4, 2025),[3] as stating "Defendants' invocation of public nuisance and zoning codes,

---

[3] Plaintiff cites this opinion as "*Jensen v. Utah County*, No. 2:23-cv-00315-JNP-CMR, Dkt. 74 at 8–9 (D. Utah Aug. 4, 2025)." These citations refer to the same opinion.

19

without compelling interest or least restrictive means, constitutes a violation of federal law under RFRA and RLUIPA. The Court finds these actions were not neutral or generally applicable, but were targeted suppression of religious practice." (ECF No. 19, PageID.138 n.12.) This quote does not appear in the *Jensen* opinion.

There are other factitious citations in Plaintiff's response to Defendants' motion to dismiss. (*See* ECF No. 28, PageID.240 n.6.) Additionally, the Court has noticed factitious citations in other filings by Plaintiff, such as the complaint.[4] The Court is concerned by these factitious citations, which may be created by generative artificial intelligence ("AI") tools. *See United States v. Hayes*, 763 F. Supp. 3d 1054, 1065 (E.D. Cal. 2025). "It is no secret that generative AI programs are known to 'hallucinate' nonexistent cases, and with the advent of AI,

---

[4] Plaintiff's complaint (ECF No. 1) contains factitious citations. As previously mentioned, *see supra* n.2, Plaintiff's reference to *Opulent Life Church*, 697 F.3d 279, related to his Eighth Amendment claim does not make sense. (*See* ECF No. 1, PageID.10.)

Additionally, the complaint makes repeated references to "*Thaxton v. City of Pontiac*, No. 298862, 2011 WL 522951 (Mich. Ct. App. Feb. 15, 2011)," (ECF No. 1, PageID.8, 9), but this case does not exist. Similarly, the complaint references "*Smith v. State*, 26 N.E.3d 1167 (Ind. 2015)" (ECF No. 1, PageID.3, 5, 6, 17, 18), but the Court is unable to find a case resembling this citation that has any relevance to the issues raised in this case.

courts have seen a rash of cases in which both counsel and pro se litigants have cited such fake, hallucinated cases in their briefs." *Sanders v. United States*, 176 Fed. Cl. 163, 169 (2025).

The Court recognizes that, "for a pro se litigant especially, AI software offers a tempting tool to offset the disadvantage of appearing in an unfamiliar court setting." *Everett J. Prescott, Inc. v. Beall*, No. 1:25-CV-00071-JAW, 2025 WL 2084353, at *2 (D. Me. July 24, 2025). Nevertheless, "a pro se litigant must not provide the Court with erroneous and factitious citations and has an obligation to review documents filed with the Court to make certain they are scrupulously accurate." *Id.*

And when litigants misrepresent the law, they waste judicial resources. Pro se litigants who have engaged in similar behavior have been subjected to sanctions such as the striking of filings with factitious citations, dismissal of the case, and monetary penalties. *See Sanders*, 176 Fed. Cl. at 170 (collecting cases); *Evans v. Robertson*, No. 24-13435, 2025 WL 3126852, at *4 (E.D. Mich. Nov. 7, 2025) (striking filings with factitious citations); *Ali v. IT People Corp., Inc.*, No. 2:25-CV-10815, 2025 WL 2682622, at *3 (E.D. Mich. Sept. 19, 2025) (ordering the

plaintiff to pay $200.00 to the defendant's attorney for each factitious citation).

The Court adopts the R&Rs and Plaintiff's case is dismissed. However, the Court warns Plaintiff Robert Pizzimenti that, had his case survived Defendants' motion to dismiss, the Court would have issued an order to show cause why he, Plaintiff Robert Pizzimenti, should not be sanctioned under the Court's inherent powers. *See Metz v. Unizan Bank*, 655 F.3d 485, 489 (6th Cir. 2011) (holding that the Court may impose sanctions "under its inherent powers when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons . . . or when the conduct is tantamount to bad faith." (cleaned up)).

## IV. Conclusion

For the reasons set forth above, the reports and recommendations (ECF Nos. 27, 28) are ADOPTED and Plaintiff's objections (ECF No. 29) are OVERRULED. Plaintiff's motion for recusal of the Undersigned is DENIED (ECF No. 20), and Defendants' motion to dismiss is GRANTED. (ECF No. 16.) This case is DISMISSED.

IT IS SO ORDERED.

22

Dated: March 27, 2026        <u>s/Judith E. Levy</u>
      Ann Arbor, Michigan     JUDITH E. LEVY
                       United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on March 27, 2026.

<u>s/L. Hosking</u>
Case Manager

23